UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLLINS SYLVESTER WILLIAMS Jr., <br><br> Petitioner, <br><br> v. <br><br> OLYMPIA MUNICIPAL COURT, <br><br> Respondent. | No. C14-5566 RBL/KLS <br><br> ORDER TO SHOW CAUSE AND FILE AN AMENDED PETITION |

Before the Court is a 28 U.S.C. §2254 petition filed by Collins Sylvester William Jr. The undersigned reviewed the petition prior to granting in forma pauperis status and found two defects.

The first defect is that Mr. Williams names the court that sentenced him as respondent. The proper respondent is "the person having custody of the person detained." 28 U.S.C. § 2243. Mr. Williams needs to name a natural person -- not a governmental entity. This person is usually the superintendent of the facility in which petitioner is incarcerated or the person in charge of the county jail. Petitioner's failure to name the correct party deprives this Court of personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

ORDER - 1

Normally the undersigned would simply insert the name of the proper respondent, but here, there is another defect.

In the proposed petition Mr. Williams states that he pled guilty to violating a protective order and was sentenced to 10 days in jail and 355 days of suspended jail time. Dkt. 1 pp. 1-2. Mr. Williams also states that he filed an appeal and that his appeal is still pending. Dkt. 1 p. 3.

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue the undersigned must determine whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the courts of the state; or
> (B)(i) there is an absence of available state corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*See*, 28 U.S.C. § 2254(b)(1). To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*, 404 U.S. at 275). Mr. Williams must have exhausted the claim at every level of appeal in the state courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275

ORDER - 2

*and Anderson v. Harless*, 459 U.S. 4 (1982)).  Mr. Williams must present the claims to the state's highest court, even if such review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Larche v. Simons, 53 F.3d 1068, 1071 (9th Cir. 1995).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 USCA § 2254(c).  Mr. Williams fails to show he has exhausted any claim.

It is **ORDERED:**

1)  Mr. Williams must show cause why this petition should not be dismissed without prejudice so that he may exhaust his claim in state court.

2)  If Mr. Williams believes that he can show cause, he is also ordered to file an amended petition naming a proper respondent.

3)  Mr. Williams has until **August 29, 2014,** to comply with this order.  Mr. Williams' failure to file a response to the order to show cause and file an amended petition will result in the undersigned recommending that this petition be dismissed without prejudice.

4)  The Clerk is directed to mail a copy of this Order to Petitioner.

**DATED** this 7th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3