UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLLINS SYLVESTER WILLIAMS,<br><br>                          Petitioner,<br>    v.<br><br>THURSTON COUNTY,<br><br>                          Respondent. | No. C14-5566 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>OCTOBER 31, 2014 |

On July 15, 2014 Mr. Williams filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Mr. Williams pled guilty to violating a protective order and the Olympia Municipal Court revoked a one year suspended sentence for volations of that order. *Id*. Mr. Williams is now in custody in the Thurston County Jail serving that sentence.

**DISCUSSION**

On initial review the undersigned found several defects with the petition and entered an Order to Show Cause directing Mr. Williams to name a proper respondent and provide proof that

Report and Recommendation - 1

his claims had been exhausted in state court. Dkt. 6.  The undersigned gave Mr. Williams the option of filing an amended petition.  *Id.*

M. Williams has filed an amended petition containing the same defects as the original.  Dkt. 7.  The amended petition names Thurston County as a respondent rather that the Municipal Court.  Dkt. 7.  Neither Thurston County nor the Municipal Court has custody over petitioner.  The proper respondent is "the person having custody of the person detained." 28 U.S.C. § 2243.  Mr. Williams needed to name a natural person -- not a governmental entity.  We told Mr. Williams that this person is usually the superintendent of the facility in which petitioner is incarcerated or the person in charge of the county jail and that his failure to name the correct party deprives the Court of personal jurisdiction.  Dkt. 6; *See also Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Thus the District Court lacks *in personam* jurisdiction and while Mr. Williams has been given a chance to cure this defect he has failed to do so.

Further, Mr. Williams has not exhausted his petition in state court.  Mr. Williams states that he filed a motion for relief from judgment and that the motion was denied by the Municipal Court.  Dkt. 7. p. 2.  Mr. Williams states that he gave up the right to file an appeal when he pled guilty.  Dkt. 7, p. 3.  Petitioner still has the ability to file a Personal Restraint Petition in the Washington State Court of Appeals and seek discretionary review from that decision in the Washington State Supreme Court. *See Generally In re Dempere* 123 Wn. App. 1046 (2004)(Personal Restraint Petition filed to contest conviction in Municipal Court).  A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief *prior* to filing a petition in federal court.  As a threshold issue the Court must determine whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part:

Report and Recommendation - 2

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the courts of the state; or
> (B)(i) there is an absence of available state corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254 (b)(3). To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*, 404 U.S. at 275). Petitioner must have exhausted the claim at every level of appeal in the state courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275 *and Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must present the claims to the state's highest court, even if such review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 USCA § 2254(c).

Mr. Williams must present the claims to the state's highest court based upon the same federal legal theory and factual basis as the claims are subsequently asserted in the habeas petition. *Hudson v. Rushen*, 686 F.2d 826, 830 (9th Cir. 1982), *cert denied* 461 U.S. 916 (1983);

Report and Recommendation - 3

*Schiers v. California*, 333 F.2d 173, 176 (9th Cir. 1964) (petitioner failed to exhaust the claim that the state trial court improperly admitted evidence because petitioner never presented such a claim to the state court). Specifically, petitioner must apprise the state court that an alleged error is not only a violation of state law, but a violation of the Constitution. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Vague references to broad constitutional principles such as due process, equal protection, or a fair trial are not enough. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000) (petitioner's statement that the state court's cumulative errors denied him a fair trial was insufficient to specifically articulate a violation of a federal constitutional guarantee); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). Mr. Williams must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle him to relief. *Gray v. Netherland*, 518 U.S. at 162-163.

The District Court cannot consider an unexhausted petition. The proper procedure is to dismiss the petition without prejudice so that Mr. Williams may return to state court to exhaust is claims. Mr. Williams may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

## CONCLUSION

The petition should be dismissed without prejudice to Mr. William's ability to re-file a petition for federal habeas corpus after he has exhausted his state court judicial remedies.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections

Report and Recommendation - 4

will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October, 31, 2014**, as noted in the caption.

**DATED** this 2nd day of October, 2014.

Karen L. Strombom
United States Magistrate Judge

Report and Recommendation - 5